UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

HAHA GLOBAL, INC., ALI AGHAEI, DOMONIC  :
BARBAR, NIGEL SHERRY,  :  Case No. 1:19-cv-04749
  :
    Plaintiffs,  :
  :  (Caproni, J.)
  - against -  :
  :
  :
BARCLAYS,  :
  :
    Defendant.  :

-----------------------------------------------------------------------x

## MEMORANDUM OF LAW IN
## <u>SUPPORT OF MOTION TO DISMISS</u>

Sean R. O'Brien
Sara A. Welch
A.J. Monaco
O'BRIEN LLP
900 Third Avenue, 18th Floor
New York, NY 10022
Tel: (212) 729-9243
Fax: (646) 205-3071
sobrien@obrienllp.com
swelch@obrienllp.com
ajmonaco@obrienllp.com

*Attorneys for Movants*

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................. 1

FACTUAL BACKGROUND ................................................................... 2

ARGUMENT ....................................................................................... 4

I.  THE SUMMONS SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A
    CLAIM UPON WHICH RELIEF CAN BE GRANTED ................................... 4

    A.  The Complaint Fails To State A Claim Under Federal Antitrust Laws ................ 4

    B.  The Summons Fails To State Any State Law Claims. ............................ 6

II.  THE SUMMONS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(4)
     BECAUSE IT IS FACIALLY DEFICIENT ........................................... 8

III.  THE SUMMONS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(2)
      BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT
      HAS PERSONAL JURISDICTION OVER ANY DEFENDANT ................................... 9

IV.  THE SUMMONS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(5)
     BECAUSE PLAINTIFFS HAVE FAILED TO EFFECTUATE SERVICE OF
     PROCESS ON ANY DEFENDANT .................................................... 10

V.  THE SUMMONS MUST BE DISMISSED TO THE EXTENT IT IS BROUGHT
    BY HAHA GLOBAL, INC. BECAUSE A CORPORATION MAY NOT PROCEED
    *PRO SE* ......................................................................... 12

    CONCLUSION .................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*Amnay v. Del Labs,*
    117 F. Supp. 2d 283 (E.D.N.Y. 2000) ................................................................. 12

*Anders v. Verizon Communications Inc.,*
    2018 WL 2727883 (S.D.N.Y. Jun. 5, 2018) ........................................................ 12

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ............................................................................................ 4

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................ 4

*Bell v. South Bay European Corp.,*
    486 F. Supp. 2d 257 (S.D.N.Y. 2007) ................................................................. 13

*Bonkowski v. HP Hood LLC,*
    2016 WL 4536868 (E.D.N.Y. Aug. 30, 2016) ..................................................... 9

*Burda Media, Inc. v. Viertel,*
    417 F.3d 292 (2d Cir. 2005) ............................................................................... 10

*China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.,*
    882 F. Supp. 2d 579 (S.D.N.Y. 2012) ................................................................. 1

*Del Med. Imaging Corp. v. CR Tech USA, Inc.,*
    2010 WL 1487994 (S.D.N.Y. Apr. 13, 2010) ..................................................... 1

*Deluca v. AccessIT Grp., Inc.,*
    695 F. Supp. 2d 54 (S.D.N.Y. 2010) ................................................................... 10

*DeMartino v. Golden,*
    52 N.Y.S.3d 892 (2d Dep't 2017) ....................................................................... 13

*DeMott v. Bacilious,*
    2012 WL 601074 (S.D.N.Y. Feb. 24, 2012) ....................................................... 12

*Dickerson v. Napolitano,*
    604 F.3d 732 (2d Cir. 2010) ............................................................................... 10

*Eagle Assocs. V. Bank of Montreal,*
    926 F.2d 1305 (2d Cir. 1991) ............................................................................. 13

*Fagan v. Deutsche Bundesbank,*
    438 F. Supp. 2d 376 (S.D.N.Y. 2006) ................................................................. 8

*Gatt Communications, Inc. v. PMC Assoc., LLC*,
   711 F. 3d 68 (2d Cir. 2013)..................................................................... 5

*Gaunt v. Lloyds Am. of San Antonio*,
   11 F. Supp. 787 (W.D. Tex. 1935) ........................................................ 9

*George v. Professional Disposables International, Inc.*,
   221 F. Supp. 3d 428 (S.D.N.Y. 2016).................................................... 10

*Grace v. Bank Leumi Trust Co. of N.Y.*,
   443 F.3d 180 (2d Cir. 2006)................................................................... 13

*Hilton Apothecary, Inc. v. State*,
   89 N.Y.2d 1023 (N.Y. 1997) (dismissing appeal ................................. 13

*Hord v. Jackson*,
   281 F. Supp. 3d 417 (S.D.N.Y. 2017)..................................................... 4

*Howard v. Klynveld Peat Marwick Goerdeler*,
   977 F. Supp. 654 (S.D.N.Y. 1997)............................................. 10, 11, 12

*In re Motors Liquidation Co.*,
   563 B.R. 498 (Bankr. S.D.N.Y. 2016)..................................................... 8

*In re Zinc Antitrust Litig.*,
   155 F. Supp. 3d 337 (S.D.N.Y. 2016)................................................... 5, 6

*Jazini by Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998)................................................................... 9

*Jimenez v. Junius Real Estate*,
   2017 WL 9534737 (S.D.N.Y. June 7, 2017) .......................................... 6

*Kahn v. Gee Broadcasting, Inc.*,
   2007 WL 1176734 (E.D.N.Y. Apr. 20, 2007) ....................................... 13

*Kaufman v. Cohen*,
   307 A.D.2d 113 (1st Dep't 2003) ........................................................... 7

*Levy v. Young Adult Institute, Inc.*,
   103 F. Supp. 3d 426 (S.D.N.Y. 2015)..................................................... 7

*LLM Bar Exam Inc. v. Barbri Inc.*,
   271 F. Supp. 3d 547 (2d Cir. 2017) ...................................................... 5, 6

*Malcolm v. Honeoye Falls-Lima Education Association*,
   684 F. App'x. 87 (2d Cir. 2017) ............................................................ 12

(iii)

*McGrath v. Dominion College of Blauvelt, New York,*
  672 F. Supp. 2d 477 (S.D.N.Y. 2009) .................................................................. 4

*Mende v. Milestone Technology Inc.,*
  269 F. Supp. 2d 246 (S.D.N.Y. 2003).................................................................. 12

*Merced Irrigation District v, Barclays Bank, PLC,*
  165 F. Supp. 3d 122 (S.D.N.Y. 2016).................................................................. 5

*Minholz v. Lockheed Martin Corp.,*
  227 F. Supp. 3d 249 (N.D.N.Y. 2016) .................................................................. 9

*Nelson v. Roth,*
  69 A.D.3d 912 (2d Dep't 2010) ............................................................................ 8

*Obot v. Navient,*
  2017 WL 344957 (W.D.N.Y. Jan. 24, 2017)........................................................ 12

*Papasan v. Allain,*
  478 U.S. 265 (1986) ............................................................................................ 9

*Pecarsky v. Galaxiworld.com Ltd.,*
  249 F.3d 167 (2d Cir. 2001).................................................................................. 13

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v.
  Morgan Stanley Inv. Mgmt. Inc.,*
  712 F.3d 705 (2d Cir. 2013) .................................................................................. 4

*Shak v. Krum,*
  2018 WL 5831319 (S.D.N.Y. Nov. 6, 2018) ........................................................ 7

*SPV Osus Ltd. v. UBS AG,*
  882 F.3d 333 (2d Cir. 2018)................................................................................... 10

*Weisshaus v. Port Authority of New York and New Jersey,*
  2018 WL 6619736 (S.D.N.Y. Dec. 18, 2018) ....................................................... 4

*Whitaker v. American Telecasting, Inc.,*
  261 F.3d 196 (2d Cir. 2001)................................................................................ 2, 3

*Wood ex rel. U.S. v. Applied Research Associates, Inc.,*
  328 F. App'x. 744 (2d Cir. 2009) ......................................................................... 7

(iv)

## <u>Other Authorities</u>

15 U.S.C. §§ 12-27 ................................................................................................. 2

15 U.S.C. §§ 1-7 .................................................................................................... 2

N.Y. Bus. Corp. Law § 306 .................................................................................. 11

N.Y. Bus. Corp. Law § 307 .................................................................................. 11

Fed. R. Civ. P. 4(a)(1)(B) ...................................................................................... 8

Fed. R. Civ. P. 4(h) ........................................................................................ 11, 12

Fed. R. Civ. P. 9(b) ................................................................................................ 7

Fed. R. Civ. P. 12(b)(2) ................................................................................. 1, 9, 12

Fed. R. Civ. P. 12(b)(3) ......................................................................................... 1

Fed. R. Civ. P. 12(b)(4) ......................................................................................... 8

Fed. R. Civ. P. 12(b)(5) ............................................................................. 10, 11, 12

N.Y. C.P.L.R. § 305 ............................................................................................... 1

N.Y. C.P.L.R. § 305(b) .......................................................................................... 2

N.Y. C.P.L.R. § 310 ............................................................................................. 11

N.Y. C.P.L.R. § 310-a .......................................................................................... 11

N.Y. C.P.L.R. § 311(a)(1) ..................................................................................... 11

N.Y. C.P.L.R. § 311-a .......................................................................................... 11

Barclays Bank PLC and each and every other Barclays entity or affiliate that could possibly be alleged to be a defendant in these proceedings ("Barclays") respectfully submit this memorandum of law in support of the motion to dismiss made pursuant to Federal Rules of Civil Procedure Rules 12(b)(2) for lack of personal jurisdiction, 12(b)(4) for insufficient process, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

## PRELIMINARY STATEMENT

The present action is frivolous and should be dismissed with prejudice. The Plaintiffs have filed a *pro se* "Summons with Notice" setting forth allegations that are incoherent, internally inconsistent and nonsensical and, to the extent they can be understood, are fundamentally implausible and legally groundless. What is more, the Plaintiffs seek a judgment in the astronomical amount of $450 billion, but do not ever connect that sum to any facts alleged in the pleading. In addition to those deficiencies, Plaintiffs fail to allege any facts that would support the exercise of personal jurisdiction over any person or entity in connection with the matters alleged, and Plaintiffs have failed to properly serve any defendant, or indeed any person or entity at all. In short, the present action has been filed solely in order to continue to harass Barclays and its employees.

For these reasons, this action must be dismissed in its entirety and with prejudice.

---

[1]     As discussed below, the Plaintiffs do not identify any specific acts engaged in by any identifiable Barclays entity, affiliate or person in their pleading, which is a "Summons with Notice" filed pursuant to N.Y. C.P.L.R. § 305. All Barclays entities and affiliates hereby preserve all of their rights and defenses, including those concerning sufficiency of service of process, jurisdictional defenses, defenses concerning failure to state a cause of action, and defenses concerning improper venue pursuant to Fed. R. Civ. P. 12(b)(3). No Barclays entity or affiliate waives any defenses to this action by this special appearance. *See China Nat'l Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 591 (S.D.N.Y. 2012) (holding that "claims for affirmative relief filed contemporaneously with objections to personal jurisdiction in a responsive pleading should 'be treated as conditional, [their] assertion being hypothecated upon an adverse ruling on the defendant's jurisdictional defenses.'" (internal citations omitted) (alterations in original)), *see also Del Med. Imaging Corp. v. CR Tech USA, Inc.*, 2010 WL 1487994, at *9 (S.D.N.Y. Apr. 13, 2010) (holding that a defendant preserved jurisdictional defenses).

## FACTUAL BACKGROUND

On April 21, 2019, Plaintiffs HAHA Global, Inc., Ali Aghaei, Domonic Barbar, and

Nigel Sherry (collectively "Plaintiffs"), filed a Summons with Notice in the Supreme Court of

the State of New York, County of New York, captioned *HAHA Global, Inc., et al. v. Barclays,*

Index No. 652347/2019 (the "Summons").[2]   A summons with notice is a method of commencing

a civil action under New York State law without the filing of a complaint.  *See* N.Y. C.P.L.R.

§ 305(b); *see Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 204-205 (2d Cir. 2001)

(holding that a summons with notice may constitute an initial pleading for purposes of federal

removal statute).

Although the Summons does not contain factual allegations describing any particular

wrongdoing by any identifiable Barclays entity or individual, it refers to violations of 15 U.S.C.

§§ 1-7, the Sherman Act, and violations of 15 U.S.C. §§ 12-27, the Clayton Act.  (*See* Summons

at 4-5.)  At the same time, the Summons does not contain any of the sort of allegations that could

give rise to a Sherman Act claim, such as allegations relating to market power or anticompetitive

conduct.  Instead, the Summons contains only an unexplained reference to a "release of

transfer(s)."  (*Id.* at 3.)

The Summons also alleges – without any supporting facts whatsoever – that the

defendant, denominated as "Barclays," has engaged in "international interference with

contractual relations," "negligent interference," "wrongful interference," "legal malpractice,"

"financial malpractice," "false representation," "identity theft," "embezzlement," and "civil

extortion."  (*See id.* at 4-5.)  Although the Summons refers to "Barclays Investment Bank" and

"Barclays Bank UK Plc," the Summons again does not allege facts connecting either of those

---

[2]      A true and correct copy of the Summons is attached as Exhibit A to the Declaration of Sean R. O'Brien (the "O'Brien Decl.") filed concurrently herewith.

entities to any misconduct.  (*See id.* at 1, 4.)  The Summons, signed by "Peace Ambassador" Dr.

Ali Aghaei on behalf of HAHA Global, Inc., purports to seek damages of $450,000,000,000.00.

(*See id.* at 2, 3.)  No attorney representing Plaintiffs is identified in the Summons, and no

attorney has appeared either in the New York State Court matter or in this action.

Plaintiffs purport to have served Barclays with the Summons on April 23, 2019 by

"deliver[ing] in person" an envelope containing copies of the Summons to a "receptionist" at the

reception desk at 745 Seventh Avenue, New York, NY 10019 ("745 Seventh Avenue").  (*See*

Exhibit B to the O'Brien Decl., (the "Aff. of Service") at 2.)  In an Affidavit of Service filed with

the Supreme Court, New York County, Plaintiffs assert that the Summons was "accepted on

behalf of all parties."  (*Id.*)  That claim is false.  First, no one was handed a copy of the

Summons.  Rather, on April 23, 2019, an individual approached the reception desk at 745

Seventh Avenue, and left a sealed envelope on the counter.  (Sterritt Decl., ¶¶ 2-4.)  Further,

building personnel at 745 Seventh Avenue are not authorized to accept service on behalf of any

Barclays entity, affiliate or employee, and did not do so in this instance.  (*Id.*, ¶ 3.)

On May 22, 2019, this action was removed to this Court based on federal question

jurisdiction, in light of the references to the Sherman and Clayton Acts in the Summons.  (Dkt. 1 at

2-3.)

## ARGUMENT

### I.  THE SUMMONS SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain:

> [M]ore than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*McGrath v. Dominion College of Blauvelt, New York,* 672 F. Supp. 2d 477, 486 (S.D.N.Y. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013).  Instead, a complaint must set forth allegations in the form of factual averments that, if accepted as true, "state a claim to relief that is plausible on its face."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Weisshaus v. Port Authority of New York and New Jersey*, 2018 WL 6619736, at *4 (S.D.N.Y. Dec. 18, 2018) (complaint must contain enough facts such that it is "possible to show that the pleader is entitled to relief" and the "complainant's right to relief cannot be merely speculative"); *Hord v. Jackson*, 281 F. Supp. 3d 417, 422 (S.D.N.Y. 2017) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions…." (citation and internal quotation marks omitted) (alterations in original)).

### A.  The Complaint Fails To State A Claim Under Federal Antitrust Laws

The Summons does not contain a coherent narrative or description of events.  However, to the extent that the Summons can be understood to seek to allege a claim for relief, it appears to premise its claim upon a violation of Section 2 of the Sherman Act.  (*See* Summons at 4.)  The Summons also refers to the Clayton Act, which, in the proper case, establishes a private right of

action under the Sherman Act.  *See Gatt Communications, Inc. v. PMC Assoc., LLC*, 711 F. 3d

68, 75-76 (2d Cir. 2013) (setting forth requirements for "antitrust standing").  The Summons

does not, however, contain any plausible factual allegations supporting any such causes of

action.  Instead, it generally states that Barclays attempted to acquire and sought to maintain

monopoly power in two "markets," namely, the "financial relevant markets," and "oil."   (*See*

Summons at 4.)  The Summons also contains a stray and unexplained allegation concerning a

"release of transfer(s)."  (*Id*. at 3.)  These are the sum total of the "factual" allegations that the

Plaintiffs have made.

        These allegations are insufficient as a matter of law and the Summons must therefore be

dismissed.  To state a claim for relief under Section 2 of the Sherman Act, a private plaintiff

must allege facts plausibly establishing (i) that it has suffered "antitrust injury," (ii) that it is an

"efficient antitrust enforcer," and (iii) that the defendant possesses or attempted to possess

monopoly power in the relevant market.  *See Merced Irrigation District v, Barclays Bank, PLC*,

165 F. Supp. 3d 122, 132, 140 (S.D.N.Y. 2016); *In re Zinc Antitrust Litig.,* 155 F. Supp. 3d 337,

357-365 (S.D.N.Y. 2016).  As part of those allegations, the Plaintiff must set forth facts defining

the relevant market that is the subject of the claims, and must also allege facts plausibly

establishing that the defendant possesses market power in that market, either by way of the

power to control prices, or by possession of market share.  *See LLM Bar Exam Inc. v. Barbri*

*Inc.*, 271 F. Supp. 3d 547, 581-583 (2d Cir. 2017); *In re Zinc*, 155 F. Supp. 3d at 364-365.

Then, if the plaintiff seeks to pursue a claim for actual monopolization (as opposed to attempted

monopolization), the plaintiff must also allege facts demonstrating that  (i) the defendant

willfully acquired or maintained market or "monopoly" power, and (ii) engaged in identifiable

anticompetitive conduct designed to maintain or take advantage of that monopoly.  *See Barbri*,

271 F. Supp. 3d at 81-83.  If the Plaintiff seeks to pursue a claim for attempted monopolization, the plaintiff must allege facts demonstrating that the defendant has engaged in anticompetitive conduct with a specific intent to monopolize, and also that the defendant has thereby created a "dangerous probability" of monopolizing the relevant market.  *See id.* at 584.

Here, the Plaintiffs have made no factual allegations that even generally refer to, much less satisfy, the foregoing elements.  Instead, even granting Plaintiffs the most charitable interpretation of the Summons, Plaintiffs do exactly what the Supreme Court has stated is impermissible as a matter of law:  Plaintiffs merely track, in the most conclusory language possible, the language of (only parts of) the relevant legal standard.  Plaintiffs do not define any particular market; they do not allege facts demonstrating that any defendant possesses market power in such market; they do not identify any anticompetitive conduct; and they do not allege facts demonstrating a specific intent to monopolize or a dangerous probability of monopolization.  In fact, the Plaintiffs do not make allegations that even describe any course of conduct in a coherent or understandable fashion.  Plaintiffs' claims sounding in antitrust violations must therefore be dismissed.  *See Jimenez v. Junius Real Estate*, 2017 WL 9534737, at *7-*8 (S.D.N.Y. June 7, 2017) (dismissing Sherman Act claims); *In re Zinc*, 155 F. Supp. 3d at 377-383.

B.    **The Summons Fails To State Any State Law Claims.**

In addition to the federal antitrust claims, the Summons makes general reference to other alleged claims for relief that would likely be governed by state law if indeed the claims existed at all.  These claims, too, are not articulated in any sensible way, are not supported by any facts whatsoever, and many of them refer to alleged conduct or claims that do not appear to constitute claims for relief under any potentially applicable law.  (*See* Summons at 3 ("Upon information and belief [Plaintiffs] allege…for [their] complaint as follows:  International interference with

6

contractual relations, Tort of negligent interference, Wrongful interference, Legal malpractice, False representation, identity theft, Embezzlement, civil extortion.").)  By way of example, no cause of action exists for civil extortion under New York law.  *Shak v. Krum*, 2018 WL 5831319, at *5 (S.D.N.Y. Nov. 6, 2018) ("Defendant's claim for civil extortion is dismissed because civil extortion is not a recognized cause of action under New York law.").  Nor can Barclays find any evidence that a cause of action for "Intentional Interference with contractual relations" exists in any jurisdiction.

In any event, to the extent that these allegations refer to claims for relief that might exist if properly pleaded, Plaintiffs have failed to plead any plausible factual allegations in the Summons in support of them.  For example, the Summons alleges a claim of "False Representation," but fails to include any allegations identifying a single representation by any Barclays entity, nor any facts establishing the falsity of such representation, let alone any facts establishing how the Plaintiffs might have sustained $450 billion in damages by such conduct. Such allegations are insufficient as a matter of law to sustain a claim based upon fraud.  *See* Fed. R. Civ. P. 9(b); *see also Wood ex rel. U.S. v. Applied Research Associates, Inc.*, 328 F. App'x. 744, 747-748 (2d Cir. 2009) (delineating reasons for "heightened pleading standard of Fed. R. Civ. P. 9(b)" concerning fraud claims); *see also Levy v. Young Adult Institute, Inc.*, 103 F. Supp. 3d 426, 444 (S.D.N.Y. 2015) ("Under New York law, the elements of a cause of action for fraud require a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff and damages." (citation, internal quotation marks, and alterations omitted)); *Kaufman v. Cohen*, 307 A.D.2d 113, 121 (1st Dep't 2003) (same). The Summons also refers to legal malpractice, but alleges no facts even suggesting that the Plaintiffs had a lawyer-client relationship with any Barclays entity, nor otherwise alleging any wrongdoing

in that respect.  *See Nelson v. Roth*, 69 A.D.3d 912, 913 (2d Dep't 2010) ("To establish a cause of action alleging legal malpractice, a plaintiff must prove inter alia, the existence of an attorney-client relationship.").  And with respect to the balance of the allegations, again the Summons alleges no facts that plausibly establish a violation of any legal obligation owed to the Plaintiffs by any identified Barclays entity.  All such claims must therefore be dismissed.

## II.     THE SUMMONS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(4) BECAUSE IT IS FACIALLY DEFICIENT

The Summons should also be dismissed under Rule 12(b)(4) because it is facially deficient.  Pursuant to Rule 4(a)(1)(B), the summons must be "directed to the Defendant."  "Rule 4(b) and the Advisory Committee notes make clear that the summons must 'effectively identif[y]' the defendant to be served."  *In re Motors Liquidation Co.*, 563 B.R. 498, 509 (Bankr. S.D.N.Y. 2016) (dismissing action under Rule 12(b)(4) where the summons failed to effectively identify the particular defendant to which it was directed).  Here, the Summons provides inadequate notice as to which, if any, entity or individual is the actual defendant against whom the substantive allegations are actually directed.  Instead, the Summons in some places refers to individuals, but also later identifies other alleged entities as the "sole defendant" against whom relief is sought, neither of which appears in the caption, and one of which is not even a standalone legal entity.  (*See* Summons at 4; 5, ¶ 3; *see also* Sterritt Decl., ¶¶ 5-7.)  Given the utter lack of clarity as to the party against whom the case is directed, the Summons should be dismissed.  *See Fagan v. Deutsche Bundesbank*, 438 F. Supp. 2d 376, 286 (S.D.N.Y. 2006) (dismissing action pursuant to Fed. R. Civ. P. 12(b)(4)).

**III.    THE SUMMONS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(2) BECAUSE PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THIS COURT HAS PERSONAL JURISDICTION OVER ANY DEFENDANT**

Plaintiffs' allegations are also insufficient as a matter of law to make a *prima facie* showing of personal jurisdiction over any Barclays entity or affiliate.  In considering a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the pleadings and affidavits are construed in the light most favorable to the plaintiff.  *See Bonkowski v. HP Hood LLC*, 2016 WL 4536868, at *1 (E.D.N.Y. Aug. 30, 2016).  Plaintiffs must, however, provide "factual specificity necessary to confer jurisdiction."  *Jazini by Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998).  Conclusory statements without any supporting facts are insufficient, and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Moreover, where a defendant rebuts a plaintiff's unsupported allegations "with direct highly specific, testimonial evidence regarding a fact essential to jurisdiction," and the plaintiff does not counter that evidence, "the allegation may be deemed refuted."  *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 255–56 (N.D.N.Y. 2016).

Here, Plaintiffs attempt to assert general jurisdiction by alleging that an entity they have defined as "Barclays" is a "resident of the State of New York."  (Summons at 4-5.)  But that assertion is a legal conclusion devoid of any facts to support it, and therefore does not constitute a *prima facie* showing of general jurisdiction over any potential defendant.  *See Gaunt v. Lloyds Am. of San Antonio*, 11 F. Supp. 787, 789 (W.D. Tex. 1935) ("The general statement in the latter part of the second paragraph that [the defendant] is a resident and citizen of the San Antonio Division is nothing more than a legal conclusion.").  Plaintiffs' additional conclusory allegations that what it defines as Barclays "transacts business" and "is found" in New York are also entirely unsupported by any facts, and are therefore insufficient.  (*See* Summons at 5-6.)  In any event,

9

these assertions are both factually incorrect and insufficient as a legal matter to establish personal

jurisdiction.  (*See* Sterritt Decl., ¶¶ 6-7); *see also SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 343

(2d Cir. 2018) ("Aside from the truly exceptional case, a corporation is at home and subject to

general jurisdiction only in its place of incorporation or principal place of business.").  Plaintiffs

do not allege any facts that would support a finding of specific personal jurisdiction over any

Barclays entity or affiliate.  Plaintiffs have therefore failed to make a *prima facie* showing of

personal jurisdiction over any Barclays entity or affiliate in connection with this action, and

dismissal is required for this independent reason.

## IV.    THE SUMMONS SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(5) BECAUSE PLAINTIFFS HAVE FAILED TO EFFECTUATE SERVICE OF PROCESS ON ANY DEFENDANT

Rule 12(b)(5) requires dismissal of any action where the plaintiff has failed to accomplish

service of process.  In deciding a Rule 12(b)(5) motion for insufficient service of process, the

Court looks to Rule 4 in order to determine whether its requirements have been met.  *See George*

*v. Professional Disposables International, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016);

*Deluca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010).  Once a defendant

challenges the sufficiency of service of process, "the plaintiff bears the burden of proving

adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (quoting *Burda*

*Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)) (internal quotation marks omitted);

*George,* 221 F. Supp. 3d at 432; *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654,

660 (S.D.N.Y. 1997) (holding plaintiff failed to effectuate service on a corporation pursuant to

Rule 4(h) where plaintiff simply delivered a copy of the summons to an office of defendant's

affiliate).

Rule 4(h), which governs service of process on a business entity, authorizes only two

methods for effectuating service within the United States:  (1) "by delivering a copy of the

summons … to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"; or (2) pursuant to New York state law.  *See* Fed. R. Civ. P. 4(h).  Plaintiffs cannot establish that they effectuated service under part one of this Rule, given that they simply left a sealed envelope containing copies of the Summons on the reception counter at 745 Seventh Avenue.  (*See* Sterritt Decl., ¶¶ 2-4.)  Moreover, the staff who work at the reception counter are not authorized by appointment or by law to receive service of process on behalf of any Barclays entity, affiliate or employee.  (*See id.*, ¶ 3.) Nor can Plaintiffs establish that they effectuated service under part two of this Rule.  Under New York law, service upon a corporation "shall be made" by delivering the summons "to an officer, director, managing or general agent…or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).  No provision of New York law allows for service of process on a corporation, limited liability company, partnership or limited partnership simply by leaving copies of the summons or complaint at a reception desk.  *See id.*; *see also* N.Y. C.P.L.R. §§ 310, 310-a, 311-a; N.Y. BUS. CORP. Law § 306 (outlining additional methods for service on registered agent or secretary of state); N.Y. BUS. CORP. Law § 307 (outlining methods for service on unauthorized foreign corporation).

Here, Plaintiffs did not serve an officer, managing or general agent of any entity, or any other agent authorized by appointment or by law to receive service of process for any entity. (Sterritt Decl., ¶ 5.)  Nor did Plaintiffs effectuate service in any other manner allowed by law. Instead, Plaintiffs simply left copies of the Summons with the reception desk at 745 Seventh Avenue, addressed to several individuals.  (*See id.*, ¶¶ 2, 4; Aff. of Service.)  As such, no person or entity was properly served pursuant to Federal Rule 4, and Plaintiffs have therefore failed to establish proper service upon any defendant, requiring dismissal under Rule 12(b)(5).  *See*

*DeMott v. Bacilious*, 2012 WL 601074 at *7 (S.D.N.Y. Feb. 24, 2012) (merely leaving summons and complaint with someone, such as a receptionist, at a corporate business is not sufficient service on a corporation); *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 286 (E.D.N.Y. 2000) (attempting service on corporation by leaving summons and complaint with receptionist does not constitute effective service); *see also Howard*, 977 F. Supp. 654 at 660 (granting dismissal under Rule 12(b)(2) where plaintiff failed to effectuate service on corporation pursuant to Rule 4(h) by delivering copy of summons to office of defendant's affiliate); *Obot v. Navient,* 2017 WL 344957, at *3 (W.D.N.Y. Jan. 24, 2017) (dismissing *pro se* complaint where plaintiff failed to comply with Rule 4(h) and instead mailed summons to defendant); *Malcolm v. Honeoye Falls-Lima Education Association*, 684 F. App'x. 87, 89 (2d Cir. 2017) (affirming dismissal pursuant to Fed. R. Civ. P. 12(b)(5) where complaint was not served on officer or authorized agent as required by Rule 4(h)); *Mende v. Milestone Technology Inc.,* 269 F. Supp. 2d 246, 252-254 (S.D.N.Y. 2003) (dismissing for lack of personal jurisdiction under Rule 12(b)(2) where plaintiff mailed summons with notice); *Anders v. Verizon Communications Inc.*, 2018 WL 2727883 (S.D.N.Y. Jun. 5, 2018) (holding that a letter was insufficient service of process under Rule 12(b)(5)).

## V.   THE SUMMONS MUST BE DISMISSED TO THE EXTENT IT IS BROUGHT BY HAHA GLOBAL, INC. BECAUSE A CORPORATION MAY NOT PROCEED *PRO SE*

As noted above, the principal "substantive" ground for relief referred to in the Summons appears to be a claim brought under the antitrust laws.  (Summons at 4-5.)  These allegations, we presume, relate to alleged acts directed at the Plaintiff business, HaHa Global, Inc.  However, because Plaintiff HaHa Global is a corporation, it may not pursue this case without counsel and all of its claims must be dismissed.

"[I]t is well-settled law that a corporation may appear in the federal courts only through licensed counsel...." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006); *see also Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel."); *Eagle Assocs. V. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) ("[W]e long have required corporations to appear through a special agent, the licensed attorney."); *Bell v. South Bay European Corp.*, 486 F. Supp. 2d 257, 260 (S.D.N.Y. 2007) ("[A] lay person may not represent an entity."); *Kahn v. Gee Broadcasting, Inc.*, 2007 WL 1176734, at *1 (E.D.N.Y. Apr. 20, 2007) ("A *pro se* plaintiff may not represent the interests of another individual or corporate entity in a civil proceeding."). In particular, this rule "has been applied to dismiss any action or motion filed by a corporation purporting to act *pro se*." *Grace*, 443 F.3d at 192 (noting that "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55") (citation and quotation marks omitted). The same rule applies in New York state court. *See DeMartino v. Golden*, 52 N.Y.S.3d 892, 893 (2d Dep't 2017) (where corporate entities were not represented by counsel, the complaint was a "nullity," and the action as to corporation "was improperly commenced"); *Hilton Apothecary, Inc. v. State,* 89 N.Y.2d 1023 (N.Y. 1997) (dismissing appeal by where corporation not represented by counsel).

In this case, no attorney has appeared on behalf of HaHa Global, Inc. Moreover, although it is difficult to discern exactly what the Summons alleges, it does appear that the principal claims are brought by and on behalf of that corporate entity, and not on behalf of any of the individuals nominally listed as plaintiffs in the caption. (*See* Summons at 3 (stating that HaHa Global "alleges for its complaint as follows..."). In light of the principles set forth above, all such claims must be dismissed because no attorney has appeared for the corporate entity.

13

## **CONCLUSION**

Based on the foregoing, this Court should dismiss the Summons with prejudice, and grant

such other relief as the Court deems proper.

Dated: May 29, 2019                                O'BRIEN LLP
      New York, New York

                                             */s/  Sean R. O'Brien*
                                             Sean R. O'Brien
                                             Sara A. Welch
                                             A.J. Monaco
                                             900 Third Avenue, 18th Floor
                                             New York, NY 10022
                                             Tel: (212) 729-9243
                                             Fax: (646) 205-3071
                                             sobrien@obrienllp.com
                                             swelch@obrienllp.com
                                             ajmonaco@obrienllp.com

                                             *Attorneys for Movants*

14