USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAHA Global, Inc., et al.,

                Plaintiffs,

-against-

Barclays et al.,

                Defendants.

1:19-cv-04749 (VEC) (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

    Before the Court is Plaintiff Aghaei's motion seeking to compel Defendants to serve document requests and requesting a status conference. (Pl.'s Motion, ECF No. 85.) Defendants oppose Plaintiff's motion, arguing, in substance, that discovery should be stayed pending the Court's decision on the pending motions to dismiss. (*See* Responses, ECF Nos. 89, 90, 92 & 94.)

    Under Federal Rule of Civil Procedure 26(c), "[a] court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause." T*rustees of New York City Dist. Council of Carpenters Pension Fund v. Showtime on Piers LLC*, No. 19-CV-07755 (VEC), 2019 WL 6912282, at *1 (S.D.N.Y. Dec. 19, 2019) (citing Fed. R. Civ. P. 26(c)(1)). "In determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.*

    Applying these factors, the Court finds that a stay of discovery is appropriate in this case. First, the Court finds that Defendants have raised viable grounds for dismissing the Amended Complaint, including that it fails to meet even the minimal pleading standards of Federal Rule of Civil Procedure 8, alleges various criminal violations that Plaintiff lacks standing to pursue and

otherwise fails to state a claim upon which relief can be granted. (*See* Mem. L. Support Mot. to Dismiss, ECF Nos. 53, 76 & 87.) As Defendants "have presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate." *Trustees of New York City Dist. Council of Carpenters Pension Fund*, 2019 WL 6912282, at *1 (citing cases); *see also Heinert v. Bank of America et al.*, 2018 U.S. Dist. LEXIS 145817 (S.D.N.Y. 2018) (granting stay of discovery pending decision on Bank of America's motion to dismiss, as "a peek at the complaint reveals that Defendant's position as to the deficiencies of the complaint may have merit").

Second, given the large number of Defendants and the large number of claims asserted by Plaintiff, discovery in this action is likely to be burdensome. Moreover, because "the disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case," the Court finds that "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on" Defendants. *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997); *see also Spinelli v. National Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable."). Finally, the Court finds that staying discovery would not unfairly prejudice Plaintiff as the motions to dismiss already have been filed and, thus, "any stay would last briefly." *Trustees of New York City Dist. Council of Carpenters Pension Fund*, 2019 WL 6912282, at *1.

For the reasons set forth above, Plaintiff's motion to compel is DENIED and discovery in this action is STAYED pending the Court's disposition of the pending motions to dismiss.

The Clerk of Court is directed to mail a copy of this Order to *pro se* Plaintiff Aghaei.

**SO ORDERED.**

DATED: New York, New York
February 20, 2020

_____
STEWART D. AARON
United States Magistrate Judge