```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
   HAHA GLOBAL, INC. and ALI AGHAEI,                         :
                                                             :
                                    Plaintiffs,              :
                                                             :
                  -against-                                  :     19-CV-4749 (VEC)
                                                             :
   BARCLAYS ET AL.,                                          :     ORDER
                                                             :
                                    Defendants.              :
------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/2020

VALERIE CAPRONI, United States District Judge:

      Plaintiffs HAHA Global, Inc. and Ali Aghaei brought claims for breach of contract, breach of fiduciary duty, violations of the Sherman Act, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against numerous banks including Barclays, Bank of America, and Santander. *See* Am. Compl., Dkt. 29. Defendants moved to dismiss the amended complaint in its entirety for failure to state a claim. *See* Dkts. 52, 74, 86. On July 9, 2020, Magistrate Judge Aaron issued a Report and Recommendation ("R&R") recommending that Defendants' motions be granted and that this case be dismissed. *See* R&R, Dkt. 120. On July 23, 2020, Plaintiffs filed objections. Dkts. 122, 123. For the following reasons, Defendants' motions to dismiss are GRANTED. This case is DISMISSED.

## DISCUSSION

      In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8,

2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (internal quotations omitted).

**A. Careful Review of the R&R Reveals No Clear Error**

Here, Plaintiffs' objections repeat the same arguments previously presented in their Sur-Reply; in fact, pages of Plaintiffs' objections are directly copied and pasted from the Sur-Reply. *Compare* Pls.' Obj., Dkt 122 at 7-12 *with* Dkt. 118 at 4-10. Moreover, despite being represented by counsel, Plaintiffs cite no legal authority in support of their objections. Because Plaintiffs' objections are merely "an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (internal quotations

omitted), the Court reviews Magistrate Judge Aaron's report and recommendation for clear error. *See Vega v. Artuz,* No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("Objections of this sort are frivolous … and would reduce the magistrate's work to something akin to a meaningless dress rehearsal.  The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.").

Careful review of Magistrate Judge Aaron's R&R reveals that there is no clear error in its conclusions.  As the R&R explains, Plaintiffs have abandoned their federal law claims.[1]  R&R at 7-8; *Levers v. Mount St. Mary Coll.*, No. 19-CV-10458, 2020 WL1922645, at *1 n.1 (S.D.N.Y. Apr. 21, 2020) (claim not addressed in opposition to motion to dismiss was deemed abandoned); *Brandon v. City of New York*, 705 F. Supp. 2d 261, 269 (S.D.N.Y. 2010).  Moreover, in the absence of any viable federal law claims, Plaintiffs' remaining state law claims for breach of contract and breach of fiduciary duty are dismissed for lack of subject matter jurisdiction.[2] *Rodriguez v. City of New York*, 535 F. Supp. 2d 436, 444 (S.D.N.Y. 2008) ("A district court has broad discretion to decide whether to exercise its supplemental jurisdiction over state law claims and may decline to do so if it 'has dismissed all claims over which it has original jurisdiction.'")

---

[1] Magistrate Judge Aaron specifically directed Plaintiffs to "indicate whether [they] intended to pursue any claims other than for breach of contract and breach of fiduciary duty, which are the only claims addressed in Plaintiffs' opposition to the pending motion to dismiss." Dkt. 117 at 2. Judge Aaron warned Plaintiffs that failure to address the claims in their Sur-Reply would result in the claims being deemed abandoned. *Id*. Plaintiffs' Sur-Reply addressed only the breach of contract and fiduciary duty claims. *See* Dkt. 118. The Court also notes that, even if Plaintiffs had not abandoned their federal law claims, the claims would be dismissed for failure to state a claim. *See* R&R at 8-13.

[2] Because Plaintiff is a citizen of California and Defendant Wells Fargo is headquartered in California, the Court lacks diversity jurisdiction. *See, e.g., In re TS Employment, Inc*., 597 B.R. 494, 501 (Bankr. S.D.N.Y. 2019) ("Wells Fargo is a nationally chartered bank headquartered in San Francisco, California."); *Guido v. Wells Fargo Bank, N.A.*, No. 16-CV-01568, 2017 WL 5515859, at *1 n.2 (S.D.N.Y. Mar. 21, 2017) ("Wells Fargo is a South Dakota corporation with its principal place of business located in California.").

(footnotes and citations omitted).

## B. Plaintiffs' Requests for the Reassignment or Recusal of Magistrate Judge Aaron and the Undersigned are Rejected

Any "justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, a judge must recuse herself from a case if, *inter alia*, she: (i) has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding"; (ii) served as a lawyer in the matter while in private practice or a "lawyer with whom [s]he previously practiced law" worked on the matter; or (iii) served in governmental employment and "in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b).

Here, Plaintiffs argue that Magistrate Judge Aaron is "pre-disposed to preventing Plaintiffs' case against these banking institutions (and Barclays in particular) due to his connections and history with Barclay's." Pls.' Obj., Dkt. 122 at 5. Plaintiffs appear to be referring to Magistrate Judge Aaron's prior employment at Arnold & Porter LLP; Plaintiffs claim that because certain Arnold & Porter attorneys previously represented Barclays in unspecified matters, it would be impossible for Judge Aaron to "enact a sufficient 'Chinese wall' to insulate him from bias toward one of the firms' largest and likely most well-funded clients." *Id*. Plaintiffs' contention is entirely speculative and unsupported; Plaintiffs allege no facts to suggest that Judge Aaron had any involvement in or prior knowledge of the instant case or that he previously worked with any attorney who had any involvement in or knowledge of the case. In other words, Plaintiffs fail to establish that Judge Aaron's former employment at Arnold &

Porter would render him biased or prejudiced in any way. *See In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1313 (2d Cir. 1988) (an interest that is not direct, but is remote, contingent, or speculative, [] is not the kind of interest which reasonably brings into question a judge's impartiality.").[3]

Plaintiffs also argue that the Undersigned should recuse herself from this case because of her former employment at the Federal Bureau of Investigation. Pls.' Obj., Dkt. 122 at 6. This case has no discernable connection to the FBI. Although Plaintiffs claim that "Avantulo is a quasi-governmental body and uses FBI agents and informants in its work," they offer no evidence to support such a contention.[4] Pls.' Obj., Dkt. 122 at 6. Even if they had, the fact that Aghaei's alleged counterparty "uses FBI agents and informants" is not a reason why the Undersigned's "impartiality might reasonably be questioned"; Plaintiffs do not claim that the Undersigned has any personal knowledge of the facts of this case, any prior involvement with any of the parties, or knows any of the agents or informants with whom Avantulo works.

Finally, in addition to being meritless, Plaintiffs' arguments for recusal are procedurally improper and untimely. This case was initially filed on April 29, 2019, and was referred to Magistrate Judge Aaron on September 12, 2019. *See* Dkts. 1, 25. Plaintiffs' failure to raise these arguments in the nearly one and one-half years that this case has been pending, despite numerous

---

[3]     Plaintiffs claim, without citation to any transcript in the record, that Magistrate Judge Aaron "directly advised Plaintiff to drop Mr. Jes Staley's name from his suit and to focus only on a breach of contract claim" because "Jes Staley is a key client of Magistrate Aaron's former firm and the CEO of Barclays." Pls.' Obj. at 5. The transcript of the parties' telephone conference with Judge Aaron on September 9, 2019 contains no record of such a statement. *See* Dkt. 24.

[4]     Plaintiff Aghaei allegedly entered into a contract with Avantulo, a Panama-based international trading company, to sell the contents of HaHa Global's book of business and to work on behalf of Avantulo. Avantulo is not a party in this case, and the contract between Plaintiffs and Avantulo does not involve any Defendant in this case. R&R at 2-3, 14.

5

rounds of briefing and conferences, renders their arguments untimely and wholly disingenuous. *See* 28 U.S.C. § 144 (in order to establish a judge's bias or prejudice, a party must file an affidavit detailing the "facts and the reasons for the belief that bias or prejudice exists" no less than "ten days before the beginning of the term at which the proceeding is to be heard."); *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 932 (2d Cir. 1980); *178 E. 80th St. Owners, Inc. v. Jenkins*, No. 00-CV-5959, 2003 WL 22004900, at *2 (S.D.N.Y. Aug. 22, 2003) (recusal motion held untimely where motion was not filed until "nearly one and one-half years" after events upon which plaintiff based the motion). Moreover, because Plaintiffs' arguments for recusal were raised for the first time in their objections to Magistrate Judge Aaron's R&R, rather than by separate motion before either Judge Aaron or the Undersigned, the request is procedurally improper. *See In re Int'l Bus. Machines Corp.*, 618 F.2d at 932; *Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811 at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made").

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. This case is DISMISSED. Because Plaintiffs have abandoned their federal law claims, leave to amend those claims is DENIED. *See Newsome v. IDB Capital Corp.*, No. 13-CV-6576, 2014 WL 4211351, at *3 (S.D.N.Y. Aug. 26, 2014); *Bardwil Indus. Inc. v. Kennedy*, No. 19-CV-8211, 2020 WL 2748248, at *4 n.2 (S.D.N.Y. May 27, 2020).

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

**Date:  August 13, 2020**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**